IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

NYCOMED GmbH and WYETH

Plaintiffs,

v.

APOTEX Inc. and APOTEX Corp.

Defendants.

Case No.: 1:09-cv-04999
Honorable Virginia M. Kendall, U.S.D.J.

## APOTEX'S POSITION PAPER IN SUPPORT OF EXPEDITED DISCOVERY AND TRIAL SCHEDULE

Pursuant to this Court's December 7, 2009 Order (D.I. 32) Apotex submits this position paper in support of expediting discovery and trial in this matter so that the parties can receive a ruling on the validity and infringement issues prior to the expiration of the patent on July 19, 2010.

This is an action for patent infringement and for a declaratory judgment of non-infringement and patent invalidity brought under provisions of the Patent Act and the Hatch Waxman Act. The case involves an application to market a generic version of the stomach drug, pantoprazole (Protonix®). Plaintiffs sued Apotex for patent infringement on August 14, 2009.

As explained herein, there is both statutory and other support for expediting these proceedings and resolving the infringement and validity issues prior to the expiration of the patent. Hatch Waxman Act, 21 USC §355(j)(5)(B)(iii) (parties required to "reasonably cooperate in expediting the action."); Fed. R. Civ. P. 57 ("The court may order a speedy hearing of a declaratory-judgment action."); and N.D. Ill. LPR 1.1 ("The Court may modify the obligations and deadlines of the LPR based on the circumstances of any particular case.").

1

Plaintiffs' position is that the case should be stayed indefinitely until the patent expires. In so doing, Plaintiffs stand to prevent generic competition and maintain their monopoly profits for an additional six month period **after** the patent expires by operation of certain pediatric exclusivity provisions of the Hatch Waxman Act. If, however, the patent is declared invalid prior to its expiration, this additional six month exclusivity period will not apply and there will be the potential for generic competition much sooner.

There is no basis, statutory or otherwise, for delaying or staying these proceedings as Plaintiffs have proposed. To the contrary, it is well recognized that "if there is even a fair possibility that the stay…will work damage to some one else," the party seeking the stay "must make out a clear case of hardship or inequity in being required to go forward." *Landis v. North American Co.,* 299 U.S. 248, 254 (1936). Both the public and Apotex will be harmed if a stay is entered depriving the market of generic competition and forcing the public to continue to pay monopoly prices. Plaintiffs have not presented any compelling reasons justifying a stay in this litigation.

Accordingly, the action should proceed in an expedited manner according to the schedule proposed herein.

**I.     The Hatch Waxman Act Mandates Speedy Resolution Of This Matter.**

Congress has recognized the importance of generic competition and speedy resolution of patent disputes involving drug patents. As the D.C. Circuit explained, the purpose of the patent challenge provisions incorporated into the legislative scheme governing the Hatch Waxman Act is to "get generic drugs into the hands of patients at reasonable prices – fast." *In re Barr Labs., Inc.* 930 F.2d 72, 76 (D.C. Cir. 1991). Thus, the Hatch Waxman Act provides that in any action challenging an Orange Book listed patent brought pursuant to Paragraph IV of the Act, the

parties are required to "reasonably cooperate in expediting the action." 21 USC

§355(j)(5)(B)(iii). Indeed, if the parties fail to cooperate in expediting the action, the Court has

the power to shorten the 30 month stay of FDA marketing approval that otherwise attaches to

these actions if a lawsuit is brought within 45 days of the New Drug Application holder receiving

notice of the Paragraph IV patent challenge. 21 USC § 355 (j)(5)(B)(iii) ("If such action is

brought before the expiration of such days, the approval shall be made effective upon the

expiration of the thirty-month period beginning on the date of receipt of the notice provided

under paragraph (2)(B)(i) or such shorter or longer period as the court may order because either

party to the action failed to reasonably cooperate in expediting the action . . . ").

The declaratory judgment provisions of the Federal Rules of Civil Procedure provide

another basis for an expedited resolution of this matter. Specifically, Fed. R. Civ. P. 57 provides

that "[t]he court may order a ***speedy hearing*** of a declaratory judgment action." [emphasis

added]. The Apotex parties have counterclaimed for a declaratory judgment of invalidity and

non-infringement because they believe the patent at issue is invalid. Thus, Rule 57 provides

independent authority for expediting discovery and trial in this case.

Finally, the recently implemented Local Patent Rules provide that the Court may modify

the schedule otherwise provided therein "based on the circumstances of any particular case."

LPR 1.1. Here, the Congressional mandate of the Hatch Waxman Act is that these cases be

decided quickly and the expiration of the patent in July, 2010 provides circumstances sufficient

to deviate from the Local Patent Rules and implement Apotex's proposed expedited discovery

and trial schedule in this case.

There is no statutory provision or other legitimate basis for staying a case because the

Plaintiff is too busy or otherwise does not wish to try the case before the patent expires. To the

3

extent the Court's own docket is too busy such that it is impractical for the Court to try the case prior to expiration of this patent, the Northern District of Illinois' internal operating procedures permit an application for transfer of the case to a different judge within the district whose schedule is less restricted.

> (d) Reassignment by Agreement. Where two or more judges agree that the reassignment of one or more cases to one of them will enable the case or cases to be more efficiently administered and will serve to save judicial time, the cases involved may be transferred to the Executive Committee with a request for such reassignment. The request shall indicate briefly the reasons for such reassignment and specify whether or not the judge receiving the case is to return any case or cases to the Committee for reassignment to the transferring judge. If the Committee finds that the reassignment will enable a more efficient administration of the cases, it may then order the reassignment.

N.D. Ill. IOP 13.

Therefore, if this Court's schedule remains unable to accommodate a trial next spring, the Court will have the option of transferring this case to another judge who can try the case. This is not a basis for staying the case.

## II.    The Public Interest Strongly Supports Expedited Resolution Of This Matter.

The only party that benefits from a stay here would be the Plaintiff. In deciding whether to stay an action, courts generally consider and weigh the following factors: (1) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (2) whether a stay will simplify the issues in question and streamline the trial, and (3) whether a stay will reduce the burden of litigation on the parties and on the court. *See e.g., Gen. Elec. Bus. Fin. Servs. v. Silverman*, 2009 U.S. Dist. LEXIS 65739 at *5 (N.D. Ill. 2009). These factors weigh against a stay.

Here, Apotex will be prejudiced by a stay of this proceeding. A stay in this proceeding will only serve to prevent Apotex from marketing its generic product and further lengthen Plaintiffs' monopoly on the marketplace.

Pediatric exclusivity attaches to the patent-in-suit. Pediatric exclusivity provides the brand company with an additional six months of marketing exclusivity that attaches at the end of the patent term, therefore effectively extending Plaintiffs' exclusivity by another six months beyond the life of the patent. 21 U.S.C. § 355a (c)(B)(ii). Pediatric exclusivity is granted merely for conducting pediatric studies, not for actually showing a pediatric result. *Mylan Labs., Inc. v. Thompson,* 389 F.3d 1272, 1276 (D.D.C. 2004) (stating that to obtain pediatric exclusivity the brand company need only "conduct pediatric studies; if the studies are satisfactorily completed and submitted within the FDA-prescribed time frame, the patent holder is eligible to receive a six-month period of marketing exclusivity for the drug beyond the patent expiration date."). However, if a patent is invalidated prior to the expiration of the patent term, the pediatric exclusivity is void as to the party that successfully invalidated the patent. *Mylan Labs, Inc. v. Leavitt*, 484 F.Supp.2d 109, 120 (D.D.C. 2007) (stating that a court determination of invalidity or non-infringement voids the application of pediatric exclusivity). Therefore, Apotex must invalidate the patent before July 19, 2010 or Plaintiffs will automatically receive a 6 month pediatric exclusivity that by Plaintiffs' counsel's own estimation is worth approximately 1 billion dollars. See 11/23/09 Tr. attached hereto as **Exhibit A** at 4 (Plaintiffs counsel stating "[T]his was a $2 billion a year drug product"). A finding of invalidity or non-infringement after the patent expires will not be sufficient to rescind the pediatric exclusivity.

Without the opportunity to expeditiously adjudicate these claims Apotex will be greatly prejudiced and forced to keep its generic product off the market for another six months[1].

On the other hand, Plaintiffs will not be burdened in any significant way by proceeding with this litigation. Plaintiffs are already engaged in litigation relating to this patent in New Jersey with an April trial date. Therefore, Plaintiffs should have all necessary discovery ready to produce to Apotex.

Moreover, a stay will not serve to simplify this litigation. Even if Plaintiffs prevail in the consolidated New Jersey cases, Apotex is still entitled to a trial of their own. 18 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 132.04[1][a] (3d ed. 2009) (collateral estoppel does not apply "when the party against whom the earlier decision is asserted did not have a 'full and fair opportunity' to litigate the claim."). If the Defendants win, then there will be no need to reach trial in this case. *Altana Pharma AG and Wyeth v. Teva Pharmaceuticals USA, Inc., et al.,* 532 F. Supp. 2d 666, 679 (D. N.J. 2007) ("Defendants have raised a substantial question that this combination was at the very least obvious to try and that such would lead to a predictable variation of compound 12, i.e., a compound with better pH5 stability."), *aff'd,* 566 F.3d 999, (Fed. Cir. 2009) (affirming the district court's determination that there is a substantial question of invalidity). However, if the Court stays this litigation pending the resolution of the New Jersey consolidated cases in April, Apotex will have lost its opportunity to litigate these claims prior to the expiration of the patent in July.

---

[1] Apotex did not delay in seeking to invalidate this patent. The Federal Circuit decision relating to the New Jersey court's denial of a preliminary injunction issued on May 14, 2009 with the mandate issuing on June 22, 2009. Apotex filed its Paragraph IV notice letter less than two weeks later on July 3, 2009.

The parties are not unduly burdened by participating in discovery and proceeding with this litigation. As already stated, Plaintiffs are already engaged in litigation relating to this patent with a trial date in April. Any necessary discovery should be ready to produce. Similarly, continuing with pretrial activities will not waste judicial resources. Apotex is entitled to litigate the claims brought by Plaintiffs. To the extent that any other pretrial activities or rulings occur, any other court presiding over this matter (should this case need to be transferred because the Court's calendar does not allow for a trial prior to the patent expiration) will benefit from the work already done on those issues in this Court. The plaintiffs initiated this lawsuit and should not now be permitted to opt out of participation

### III. Apotex's Proposed Schedule Is Feasible - most burdens imposed by expediting the proceedings fall on Apotex, which has the burden of proof on patent invalidity.

On November 12, 2009, Apotex proposed the following schedule to Plaintiffs' counsel. To date, Plaintiffs' counsel has not commented or provided a counter proposal other than to reject the proposal out of hand and suggest that it is too busy to try the case that it brought. The schedule below is slightly modified from the schedule Apotex previously proposed to account for the New Jersey trial date of April 5, 2010. Apotex requests that the court enter a pretrial scheduling order implementing this schedule.

| Task | Date |
|---|---|
| Initial Infringement Contentions | December 11, 2009 |
| Initial Non-infringement and Invalidity Contentions - | December 21, 2009 |
| Response Invalidity Contentions | January 11, 2010 |
| Final Infringement Contentions | February 1, 2010 |

| Final Invalidity Contentions | February 1, 2010 |
|---|---|
| Close of Fact Discovery | February 15, 2010 |
| Expert Reports (Party with the Burden) | March 1, 2010 |
| Rebuttal Expert Reports | March 22, 2010 |
| Complete Expert Depositions | May 12, 2010 |
| Trial | June 7, 2010 |

## IV.    Conclusion.

Wherefore, for the foregoing reasons, Apotex requests the Court enter an Order for expedited pretrial discovery and an expedited trial date.

Dated:  December 11, 2009

Respectfully submitted,

/s/ Sherry L. Rollo
James P. White
Steven E. Feldman
Hartwell P. Morse, III
Sherry L. Rollo
**HUSCH BLACKWELL SANDERS LLP**
**WELSH & KATZ**
120 South Riverside Plaza, Suite 2200
Chicago, Illinois  60606
Phone: (312) 655-1500
Fax:(312) 655-1501

*Attorneys for Defendants, Apotex Inc.. and*
*Apotex Corp.*

## CERTIFICATE OF SERVICE

I, the undersigned attorney for Defendants Apotex Inc. and Apotex Corp., hereby certify that a true and correct copy of the foregoing was filed by the Court's Electronic Case Filing (ECF) and served as follows on counsel for Plaintiffs on the 11th day of December, 2009:

**Via Electronic Filing (ECF) and Email:**

James B. Coughlan
PAUL, HASTINGS, JANOFSKY & WALKER LLP
191 North Wacker Drive, 30th Floor
Chicago, IL 60606
*jamescoughlan@paulhastings.com*

**Via Email**

Joseph M. O'Malley, Jr.
Bruce M. Wexler
Eric W. Dittman
Isaac S. Ashkenazi
PAUL, HASTINGS, JANOFSKY & WALKER LLP
75 East 55th Street
New York, New York 10022
josephomalley@paulhastings.com
brucewexler@paulhastings.com
ericdittman@paulhastings.com
issacashkenazi@paulhastings.com

William F. Lee
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
William.lee@wilmerhale.com

Dated: December 11, 2009                    Respectfully submitted,

                                            /s/ Sherry L. Rollo
                                            Sherry L. Rollo

                                            *Attorney for Defendants, Apotex Inc.. and*
                                            *Apotex Corp.*